**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Villegas Arce, | No. CV-23-02267-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| LHM Dodge Ram Avondale, et al., | |
| Defendants. | |

Presently before the Court are Motions to Dismiss the Amended Complaint filed by Defendant Citibank, N.A. ("Citibank") and Defendants Santander Consumer USA, Inc. Santander Drive Auto Receivables, LLC, and Santander Drive Auto Receivables Trust 2023-1 (collectively "Santander"). Plaintiff failed to file any response. The Motions will be granted.

**I.**

After suffering a loss against him in arbitration involving now-dismissed Defendant LHM Dodge Ram Avondale, Plaintiff filed this action in federal court.

Plaintiff purchased a Dodge Ram pickup truck on finance. The loan amount is just shy of $110,000. In his Amended Complaint against Citibank and Santander, Plaintiff vaguely claims that Santander improperly securitized his loan and then wrongly sold the loan to Citibank. He asserts the following causes of action: securities fraud under Financial Industry Regulatory Authority ("FINRA") Rule 5121, violation of National Association of Securities Dealers ("NASD") Rule 2510, violations of the Fair Debt Collection Practices

Act ("FDCPA"), negligent and intentional infliction of emotional distress under Arizona common law, and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under federal law.

## II.

A plaintiff who forfeits the opportunity to file a written response to a motion to dismiss risks that the Court will grant it without hearing his side of the argument. Pro se parties, such as Plaintiff here, are expected to learn, understand, and follow the Federal Rules of Civil Procedure and the local rules of practice. *Smith v. Internal Revenue Serv.*, 168 F. Supp. 3d 1221, 1225 (D. Ariz. 2016) ("Although pro se, Plaintiffs are expected to abide by the rules of the court in which they litigate." (Cleaned up.)). Pro se plaintiffs, moreover, are expected to diligently prosecute their case. It is not the Court's responsibility to act as legal counsel for pro se litigants. *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019).

The Court finds that sufficient grounds exist to grant the Motions solely because Plaintiff has not filed responsive briefs. LRCiv. 7.2(i) states, "if [an] unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." *Id.*

Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff has

utterly failed to diligently prosecute his claims. He failed to appear at oral argument on now-dismissed Defendant LHM Dodge Ram Avondale's Motion to Dismiss. He has also violated numerous Court orders. He has twice disobeyed this Court's directive to timely file a Rule 26(f) report. (Docs. 40, 50.) He has failed to respond to the Court's Order to Show Cause as to why this case should not be dismissed under Rule 11(c), Fed. R. Civ. P. (Docs. 39, 50.) He has failed to pay this Court's sanction. (Docs. 40, 50.) In sum, Plaintiff's failures have wasted valuable judicial resources and, if left unchecked, threaten to prejudice Defendants by needlessly prolonging this litigation.

Though the fourth factor, as always, weighs against dismissal, the fifth factor supports it. The fifth factor requires the Court to consider whether a less drastic alternative is available. As mentioned, Plaintiff has refused to explain to this Court why the case should not be dismissed, despite being ordered to do so. (Doc. 39.) Now, in addition to ignoring that command, Plaintiff has failed to defend his claims against Defendants' Motions. Because of these events, the Court finds that dismissal without prejudice would be an inadequate sanction. Accordingly, the Court will dismiss the case with prejudice.

Nevertheless, there are other reasons to dismiss the Amended Complaint. These reasons will be addressed below.

### III.

### A.

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8. A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft*, 556 U.S. at 678. At the pleading stage, the Court's duty is to accept all well-pleaded complaint allegations as true. *Id.* Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "[D]ismissal . . . is proper if there is a

lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal marks omitted).

Securities fraud suits face heightened pleading standards. "At the pleading stage, a complaint stating claims under [S]ection 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the [Private Securities Litigation Reform Act]." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

> Because allegations of fraud inescapably carry a degree of moral turpitude, Rule 9(b) imparts a heightened note of seriousness, requiring a greater degree of pre-discovery investigation by the plaintiff, followed by the plaintiff's required particular allegations, thereby protecting a defendant's reputation from frivolous and unfounded allegations and permitting a particularized basis for a defendant to respond to the particularized allegations.

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021) (citation omitted).

The Court should construe pleadings of pro se litigants liberally, so that non-frivolous claims may have their day in court. *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014). With that understanding, however, "[f]ederal courts, including the Ninth Circuit, recognize the important goals served by lenient treatment of pro se litigants must necessarily yield to prejudice suffered by the courts and other parties." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004).

**B.**

The Court granted Citibank's first motion to dismiss because the Complaint failed to satisfy Rule 8. (Doc. 33.) The Court finds once again that Plaintiff has fallen far short of pleading sufficient allegations against Citibank. Plaintiff references Citibank only once in his Amended Complaint. (Doc. 35 ¶ 3.) Vaguely, he asserts that Citibank purchased an "account" and now holds "the loan" as trustee for Defendant Santander Drive Auto

Receivables Trust 2023-1. (*Id.*). It is unclear from this statement precisely what Plaintiff alleges Citibank did wrong. The rest of the Amended Complaint provides no clarity. Thus, it fails to meet its stringent pleading obligations under Rule 9(b), or even the more lenient pleading standard of Rule 8.

Additionally, and to the extent Plaintiff alleges that Citibank violated the law by purchasing a securitized account, he lacks standing to advance that claim. *Nikolas v. Bank of New York Mellon*, No. CV-17-01234-PHX-JJT, 2018 WL 3416994, at *3 (D. Ariz. July 12, 2018) (citing *Lial v. Bank of America Corp.*, 633 F. App'x 406, 406-07 (9th Cir. 2016) ("The Ninth Circuit has concluded that a party such as Plaintiff has no standing to challenge the validity of an assignment or the securitization of his loan.")). The Amended Complaint alleges no facts that would otherwise confer standing upon Plaintiff to assert the claim.

**C.**

Plaintiff's claims against Santander fare no better. They are grounded in his general allegation that his loan was unlawfully securitized. Thus, each of his claims against Santander are plagued by the fatal flaw just discussed—that Plaintiff lacks standing. They also fail for the additional and independent reasons discussed below.

**1.**

Plaintiff's first two claims, purportedly arising out of FINRA Rule 5121 and NASD Rule 2510, fail because there is no private right of action for violations of those rules. *In re VeriFone Sec. Litig.*, 11 F.3d 865, 870 (9th Cir. 1993) ("It is well established that violation of an exchange rule will not support a private claim."); Thomas Lee Hazen, 5 Law Sec. Reg. § 14:179 (2023) ("As for violations of exchange, FINRA, or NASD rules, it is generally held that violation of a rule of a self regulatory organization will not, by itself, support a private right of action.").

Additionally, these claims fail because they contain insufficient factual allegations to support them. (Doc. 35 at 2-3 (paragraphs not numbered).) Plaintiff merely quotes Santander's certification of FINRA compliance. (*Id.* at 2-3, 7-8.) This is woefully insufficient to "allow[] the court to draw the reasonable inference" that Santander is liable.

*Ashcroft*, 556 U.S. at 678. And it certainly does not provide the sort of particularized allegations demanded by Rule 9(b).

**2.**

Plaintiff's FDCPA claim also fails. He alleges that Santander's attempts to collect on his loan were unlawful because the loan had been securitized. (Doc. 35 ¶¶ 9-16.) But courts within the Ninth Circuit have consistently and convincingly rejected this theory. *See e.g., Congdon v. Wells Fargo Bank, N.A.*, No. C16-1629RSL, 2017 WL 2443649, at *4 (W.D. Wash. June 6, 2017); *Andrews v. Countrywide Bank, N.A.*, 95 F. Supp. 3d 1298, 1299, 1301 (W.D. Wash. 2015); *In re Nordeen*, 495 B.R. 468, 488-89 (B.A.P. 9th Cir. 2013). Plaintiff alleges no other theory of liability under the FDCPA.

**3.**

Plaintiff next asserts claims for negligent and intentional affliction of emotional distress, but his allegations are again insufficient. To make out a claim for the latter, a plaintiff must plead that "the conduct by the defendant was extreme and outrageous." *Citizen Publ'g Co. v. Miller*, 210 Ariz. 513, 516 (2005) (internal marks and citation omitted). "The trial court must determine whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (Ct. App. 1995). "A plaintiff must show that the defendant's acts were 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.* (cleaned up).

Plaintiff alleges that Santander attempted to collect on a debt. (Doc. 35 ¶¶ 17-20.) He vaguely asserts that their attempts "caused [him] emotional distress." (*Id.* ¶ 19.) But standard, or even unprofessional, attempts to collect on a debt are not the sort of extreme and outrageous conduct that can sustain a claim for intentional infliction of emotional distress. *See Midas Muffler Shop v. Ellison*, 133 Ariz. 194, 197-99 (Ct. App. 1982). Something more, in the form of "clearly and obviously excessive" behavior by the creditor, in this case Santander, is required. *Id.* at 197. Plaintiff has not pleaded that.

Plaintiff's negligent infliction of emotional distress claim similarly fails. Under Arizona law, such a claim "is available where (i) the plaintiff witnesses an injury to another person or (ii) the plaintiff suffers emotional distress from an event that endangered plaintiff but did not physically injure her." *Kretsch v. Barton*, No. CV-23-00411-PHX-ROS, 2024 WL 962181, at *8 (D. Ariz. Mar. 6, 2024) (citing *Quinn v. Turner*, 155 Ariz. 225, 226 (Ct. App. 1987)). Plaintiff alleges neither situation.

**4.**

Nor has Plaintiff pleaded a RICO claim. "To plead a RICO claim under 18 U.S.C. § 1962, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity requires at least two predicate acts to constitute racketeering activity." *Khalid*, 409 F. Supp. 3d at 1035 (cleaned up). Predicate acts which may give rise to RICO liability are enumerated in 18 U.S.C. § 1961(1). *See Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015). Plaintiff alleges none. "Securitization is neither a crime nor racketeering activity." *Rubio v. U.S. Bank N.A.*, No. C 13-05752 LB, 2014 WL 1318631, at *17 (N.D. Cal. Apr. 1, 2014) (internal citation omitted). Thus, Plaintiff's RICO claim also fails.

**5.**

For the reasons discussed, Plaintiff has not sufficiently pleaded any claims. Thus, he is not entitled to declaratory or injunctive relief. *See In re Nordeen*, 495 B.R. at 481. Accordingly, his final claim fails.

**IV.**

District courts "shall grant leave to amend freely 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Fed. R. Civ. P. 15 (a)). Courts in the Ninth Circuit are to apply this policy "with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). To that end, "a district court should grant leave to amend even if," as here, "no request to amend the pleading was made . . ." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) (internal marks and citation omitted). The Court, however, "may in its discretion deny

leave to amend due to undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies . . . , undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment." *Zucco Partners,* LLC, 552 F.3d at 1007 (internal marks and citation omitted).

The Court will dismiss the Amended Complaint with prejudice. Plaintiff has already had an opportunity to amend his Complaint to state cognizable claims and provide plausible facts supporting those claims. He has failed to do so given this second opportunity. After reviewing the facts alleged in the Amended Complaint and in the previously dismissed Complaint, the Court concludes that, under the circumstances giving rise to this action, further amendment would be futile and a waste of judicial resources. *Anderson v. Peregrine Pharms., Inc.*, 654 F. App'x 281, 282 (9th Cir. 2016) (quoting *Zucco Partners, LLC*, 552 F.3d at 1007) (noting that where "'the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad'").

Finally, the Court finds Plaintiff's claims are patently frivolous. Plaintiff owes a debt on a vehicle that he chose to purchase and finance. It appears that he initiated this action to avoid paying what he owes. This represents bad faith.

**V.**

**IT IS ORDERED** that the Santander Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 44[*]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Citibank's Motion to Dismiss (Doc. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Santander Defendants' alternative Motion to Compel Arbitration (Doc. 45) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Amended Complaint is dismissed **with prejudice**.

---

[*] Santander mistakenly filed the wrong document at Docket No. 44, however, that filing was intended to be the Motion to Dismiss that is resolved by this Order. Santander filed a Notice of Errata (Doc. 46) that identifies the mistake and provides the Motion to Dismiss brief.

1    **IT IS FINALLY ORDERED** that the Clerk of Court must enter a judgment of
2 dismissal and close this case.
3    Dated this 11th day of March, 2024.

Michael T. Liburdi
United States District Judge